UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

SHARIN C. BROWN,

*Plaintiff-Appellant,*

v.

FORD MOTOR COMPANY, a Delaware corporation,

*Defendant-Appellee.*

No. 99-2513

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan Jr., District Judge.
(CA-98-880-2)

Argued: September 29, 2000

Decided: March 23, 2001

Before LUTTIG and WILLIAMS, Circuit Judges, and
Frederick P. STAMP, Jr., Chief United States District Judge for
the Northern District of West Virginia, sitting by designation.

---

Affirmed by unpublished opinion. Judge Luttig wrote the majority opinion, in which Chief Judge Stamp joined. Judge Williams wrote a dissenting opinion.

---

## COUNSEL

**ARGUED:** Martin Joseph McGetrick, CHANDLER, FRANKLIN & O'BRYAN, Charlottesville, Virginia, for Appellant. Earle Duncan Getchell, Jr., MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P.,

Richmond, Virginia, for Appellee. **ON BRIEF:** Bradford M. Young, CHANDLER, FRANKLIN & O'BRYAN, Charlottesville, Virginia, for Appellant. Roswell Page, III, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia; Richard J. Cromwell, MCGUIRE, WOODS, BATTLE & BOOTHE, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

LUTTIG, Circuit Judge:

Appellant Sharin Brown was severely injured when she lost control of her 1991 Ford Ranger pickup truck and it rolled several times. Brown sued appellee Ford Motor Company for breach of implied warranty and negligent design arising out of Ford's design, manufacture, and marketing of the Ranger. A jury rendered verdict in favor of Ford and Brown appeals, contending that the district court violated Va. Code Ann. § 46.2-1094(D) when it permitted Ford to introduce evidence that she was not wearing her seat belt at the time of the accident. For the reasons that follow, we affirm.

### I.

Brown was driving her 1991 Ford Ranger pickup truck on a stretch of road in Suffolk, Virginia, when she encountered loose gravel that caused her to lose control of her truck. The truck slid and rolled several times. Brown was ejected and sustained severe injuries.

Brown subsequently filed suit in the Eastern District of Virginia, alleging that Ford was liable for her injuries, in both contract and tort. J.A. 24-28. Shortly before trial, Brown and Ford filed competing motions *in limine* to determine the admissibility of evidence of seat belt nonuse under Virginia statute. *See* Va. Code Ann. § 46.2-

1094(D). After oral argument on the motions, the magistrate judge ruled that the jury could consider Brown's failure to wear her seat belt, but only in its consideration of the following issues:

Whether the truck, taken as a whole, was designed negligently,

Whether the defect alleged by the plaintiff was the proximate cause of the injury to the plaintiff or whether any failure to use a seat belt was the proximate cause of the injury,

Whether the plaintiff misused the product.

J.A. 37. Brown filed a written objection to the magistrate judge's ruling, which was overruled by the district court. J.A. 79-80.

At trial, Brown was the first to raise the issue of seat belt use, responding during her cross-examination that she habitually wore her seat belt. J.A. 129. David Brown, appellant's husband, testified to the same during his direct examination. Thereafter, Ford, in presenting its case, elicited testimony from both the investigating officer and an expert witness that Brown was unrestrained at the time of the accident in question. J.A. 137-38, 192. In closing argument, Ford's counsel emphasized on several occasions that "[i]f Mrs. Brown had been belted in her seat she would not have been injured or ejected." J.A. 268, 283, 286.

At the conclusion of trial, the district court instructed the jury that it could consider evidence of seat belt nonuse in determining whether Ford "negligently designed the motor vehicle" and "in whether the motor vehicle as manufactured and sold was reasonably safe when used for its intended purpose and also in determining whether the plaintiff misused the motor vehicle." J.A. 255. The district court cautioned the jury, however, that it could not find Brown contributorily negligent based upon a finding that she had not been wearing her seat belt. J.A. 255.

The jury returned a verdict in Ford's favor on Brown's claims of negligent design and breach of warranty. J.A. 301. Brown then filed

a motion seeking a new trial, maintaining, *inter alia*, that the district court's limited admission of evidence of seat belt nonuse contravened section 46.2-1094(D) of the Virginia Code. The motion for a new trial was denied, and this appeal followed. J.A. 317.

## II.

This case arises under our diversity jurisdiction, and we are therefore obliged, under *Erie R.R. Co.* v. *Tompkins*, 304 U.S. 64 (1938), to apply state substantive law and federal procedural law. Brown argues on appeal, as she did below, that section 46.2-1094(D) of the Virginia Code is a substantive provision of law that mandates that evidence of seat belt nonuse is inadmissible for any purpose. Ford, on the other hand, argues that section 46.2-1094(D) is a procedural provision only. We find it unnecessary to resolve whether section 46.2-1094 is substantive or procedural, however, because we hold that section 46.2-1094 did not bar Ford from presenting evidence at trial merely that Brown was not wearing her seat belt at the time of the accident.

Section 46.2-1094(A) of the Virginia Code requires every person who is at least 16 years of age and who occupies the front seat of a motor vehicle "to wear the appropriate safety system at all times while the motor vehicle is in motion on any public highway." Va. Code Ann. § 46.2-1094(A). Section 46.2-1094(C) subjects any person "who violates this section . . . to a civil penalty of twenty-five dollars." *Id.* § 46.2-1094(C). Section 46.2-1094(D), with which we are concerned here, in turn provides that,

> [a] violation of this section shall not constitute negligence, be considered in mitigation of damages of whatever nature, be admissible in evidence or be the subject of comment by counsel in any action for the recovery of damages arising out of the operation, ownership, or maintenance of a motor vehicle, nor shall anything in this section change any existing law, rule or procedure pertaining to any such civil action.

*Id.* (emphasis added).

Neither the first nor the second clause of section 46.2-1094(D) is implicated in the case before us. As noted, the district court expressly instructed the jury that it could not find Brown contributorily negligent based upon a finding that she had not been wearing her seat belt at the time of the accident. J.A. 255. Thus, the jury was not permitted to find Brown negligent based upon a "violation of [section 46.2-1094]," however this phrase is construed. Moreover, the district court did not permit the jury to consider the evidence of Brown's seat belt nonuse on an issue of whether Brown's injuries would have been less serious had she been wearing her seat belt; rather, the district court permitted consideration of seat belt nonuse only on the questions of whether the overall safety system of the Ford Ranger was defectively or negligently designed. Thus, neither was "a violation of [section 46.2-1094]" — again, however this phrase is construed — "considered in mitigation of damages."

The only question before us is whether "[a] violation of [section 46.2-1094]" was impermissibly "admi[tted] in evidence" or allowed to be "the subject of comment by counsel" within the meaning of section 46.2-1094(D) when the district court allowed Ford to introduce its contested evidence of Brown's seat belt nonuse. Although we, like the district court, are without reported cases construing section 46.2-1094 from the Commonwealth to aid in our interpretation, we are satisfied that it was not.

We acknowledge that the phrase "[a] violation of [section 46.2-1094]" in section 46.2-1094(D) may plausibly be construed to refer to the underlying conduct that is proscribed by section 46.2-1094 — namely, the nonuse of a seat belt while a motor vehicle is in motion. That is, we do not think it unreasonable to read section 46.2-1094(D) as prohibiting admission or comment by counsel upon mere evidence of seat belt nonuse, as appellant argues the section should be read. On balance, however, we are convinced that the better interpretation of this phrase is as a reference to an official determination that the provision has been violated, such as a law enforcement officer's citation for seat belt nonuse (or at least his conclusion to that effect) or a formal administrative or judicial finding of nonuse. We therefore believe that section 46.2-1094(D) as a whole is most appropriately understood as forbidding only the admission into evidence or comment upon such an official determination that the section was violated, and at most as

forbidding admission of or comment upon evidence that would be sufficient to establish all of the elements of a violation of the section. Because section 46.2-1094 does not categorically prohibit seat belt nonuse by all persons under all circumstances, but, rather, prohibits nonuse only by specified persons in specified circumstances, *see* Va. Code Ann. § 46.2-1094(A) (requiring seat belt use only by persons over age sixteen who are in the front seat of a vehicle moving on a public highway); *id.* at § 46.2-1094(B) (exempting eight classes of persons from the statute), evidence of mere seat belt nonuse, in and of itself, in no sense at all constitutes evidence of "a violation" of the statute.

Not only is this understanding of section 46.2-1094(D) most conso-nant with the plain language enacted by the state legislature, but its correctness is confirmed by a reading of the Commonwealth's statutes *in pari materia*. When the Virginia legislature has intended to prohibit the admission into evidence of mere seat belt nonuse, either generally or for specific purposes, it has done so plainly and unequivocally in terms that not only unmistakably capture that intent, but also distin-guish that intent from the different intent that we conclude is evident in section 46.2-1094(D). Perhaps most notable in this regard is Va. Code § 46.2-1092, which limits the purposes for which evidence of seat belt nonuse after installation may be used. In that statute, for example, the legislature specifically identified seat belt nonuse as that which may not be considered, providing as follows:

> *Failure to use the safety lap belts or a combination of lap belts and shoulder harnesses* after installation shall not be deemed to be negligence. *Nor shall evidence of such nonuse of such devices* be considered in mitigation of damages of whatever nature.

(Emphasis added).[1] Given the striking substantive, textual, and struc-

---

[1] Other states have similarly enacted statutes that unequivocally bar evidence of seat belt nonuse, rather than premising inadmissibility on a "violation" of statute. *See*, *e.g.*, Conn. Gen. Stat. Ann. § 14-100A ("Failure to wear a seat safety belt shall not be considered as contributory negligence nor shall such failure be admissible evidence in any civil

tural parallels between this section and section 46.2-1094(D), the legislature's different word choice in the later-enacted section 46.2-1094(D) must be regarded as significant. *See*, *e.g.*, 2A N. Singer, Statutes and Statutory Construction § 46.06 (6th ed. 2000) (noting that use of different "terms within related statutes generally implies that different meanings were intended"). If the legislature had intended in section 46.2-1094 to forbid admission of any and all evidence of seat belt nonuse, we must assume that it would have invoked language to the effect of that employed in section 46.2-1092, if not that language precisely.

The dissent finds convincing as to the meaning of the phrase "a violation of this section" the implied distinction between a "citation" and "a violation of this section" found in Va. Code § 46.2-1094(F). Even absent Va. Code § 46.2-1092, we would not subscribe to this admitted distinction the significance that the dissent does because, among other reasons, an official determination of a violation always precedes the issuance of a citation for that determined violation. Even more importantly, however, unlike Va. Code § 46.2-1092, which is virtually identical in all relevant respects to Va. Code § 46.2-1094(D), Va. Code § 46.2-1094(F) is not substantively, textually, or structurally like Va. Code § 46.2-1094(D), and consequently is a comparatively poor provision from which to infer the legislature's intent as to section 46.2-1094(D).

Accordingly, because Ford's evidence of Brown's nonuse of her seat belt did not, in and of itself, constitute evidence of "a violation of [section 46.2-1094],"[2] the district court's admission into evidence

---

action."); Kan. Stat. Ann. § 8-2504 ("Evidence of failure of any person to use a safety belt shall not be admissible in any action for the purpose of determining any aspect of comparative negligence or mitigation of damages."); Okla. Stat. Ann. § 12-420 ("[T]he use or nonuse of seat belts shall not be submitted into evidence in any civil suit in Oklahoma.").

[2]We believe that the dissent simply must indulge in too much inference and appellate trial of the case to reach definitively the conclusion that evidence was in fact introduced that would establish each and every element of the offense to the satisfaction of the jury. It bears noting that the ultimate question here is not whether it is fair to believe that these elements could have been proven, but, rather, whether, as a technical matter of law, evidence to prove every element of the offense was in fact properly introduced. This, we are confident, cannot be said.

of that evidence did not contravene section 46.2-1094(D). The judgment of the district court therefore is affirmed.[3]

*AFFIRMED*

WILLIAMS, Circuit Judge, dissenting:

The majority reads Va. Code Ann. § 46.2-1094(D) to forbid only the admission into evidence, or comment by counsel upon, an official determination that Va. Code Ann. § 46.2-1094's requirement of seat belt use has been violated, or "at most" to forbid admission of, or comment on, evidence that would establish all of the elements of a violation of § 46.2-1094. Majority Op. at 5-6. Because the majority's first interpretation of § 46.2-1094(D) would not obtain under traditional methods of statutory construction, and because the majority's second interpretation supports a finding of error on the facts of this case and undermines the majority's rationale for its first interpretation, I respectfully dissent.

I.

A.

Va. Code Ann. § 46.2-1094(D) states that "[a] violation of this section shall not constitute negligence, be considered in mitigation of damages of whatever nature, be admissible in evidence or be the subject of comment by counsel in any action for the recovery of damages arising out of the operation of a motor vehicle." Va. Code Ann.

---

[3]Brown also argues on appeal that the district court abused its discretion when it denied Brown's request to clarify that her traffic offenses arising out of the accident were later dismissed. Although Ford was the first party to mention the charges during opening argument, it did so because they were included within a police accident report that was a stipulated exhibit. Even if Ford's statement about the charges was improper, the district court offered to provide a curative instruction, an offer that Brown ultimately declined. It also ordered the parties to submit a redacted version of the exhibit. Given these actions by the district court, we cannot conclude that the court abuses its discretion in denying Brown's request to clarify the disposition of her traffic charges.

§ 46.2-1094(D) (Michie 1998). The majority asserts that the best reading of this provision is that it merely prohibits the admission of evidence of an "official determination that the provision has been violated, such as a law enforcement officer's citation for seat belt nonuse (or at least his conclusion to that effect) or a formal . . . finding of nonuse."[1] Majority Op. at 5. Yet, this reading, which equates a "violation" with a citation or an official determination of a violation, is at odds with the ordinary legal meaning of the word "violation." The Supreme Court, based upon the definition offered by a leading legal dictionary, has defined "violation" to mean "an act or conduct that is contrary to law." *See Richardson v. United States*, 526 U.S. 813, 818 (1999) (citing BLACK'S LAW DICTIONARY 1570 (6th ed. 1990)).

Further, as the majority notes, the use of different terms within related statutory provisions gives rise to an implication that different meanings were intended. *See* Majority Op. at 7 (citing 2A N. Singer, Statutes and Statutory Construction § 46.06 (6th ed. 2000)). Here, Va. Code Ann. § 46.2-1094(D)'s reference to a "violation of this section" contrasts with § 46.2-1094(F)'s explicit reference to the issuance of a "citation for a violation of this section." Thus, one may be cited "for a violation" — implying that "a violation" refers to something other than the official determination of a violation itself. The statute itself discusses "a violation" as antecedent to, and distinct from, a citation for a violation. The structure of § 46.2-1094 and the ordinary legal meaning of the word "violation" thus lead me to conclude that "a violation" of § 46.2-1094 as used in § 46.2-1094(D) refers to the conduct that establishes all of the elements of a violation of § 46.2-1094 rather than to the fact of an official citation or adjudication of a violation.

### B.

In its alternative holding, the majority suggests the correctness of

---

[1] I note that if an officer's "conclusion to [the] effect" of "seat belt nonuse" constitutes an official determination of a violation, such an official determination was introduced at trial. The investigating officer, Ronald Kline, testified that he determined from the evidence at the accident scene that Ms. Brown had not been wearing her seat belt, and checked a box on the accident report form indicating his conclusion that she had been unbelted. (J.A. at 143).

just this interpretation of § 46.2-1094(D), and leads me to conclude that error has occurred on the facts of this case. *See* Majority Op. at 5-6 (interpreting § 46.2-1094(D) "at most as forbidding admission of or comment upon evidence that would be sufficient to establish all of the elements of a violation.").

Va. Code Ann. § 46.2-1094 requires all persons "at least sixteen years of age and occupying the front seat of a motor vehicle equipped or required . . . to be equipped with a safety belt system" to wear the safety belts "at all times while the motor vehicle is in motion on any public highway." Va. Code Ann. § 46.2-1094(A). Further, the statute provides eight specific exceptions: Seat belt use is not required of (1) persons for whom a physician has determined use would be medically impractical, provided that such persons carry a signed written statement to this effect; (2) law-enforcement officers when use would be impractical; (3) persons performing the duties of a rural mail carrier; (4) persons performing the duties of a newspaper carrier; (5) drivers of taxicabs; (6) commercial or municipal delivery persons; (7) persons performing the duties of a utility meter reader, or (8) law enforcement personnel enforcing parking laws. *See* Va. Code Ann. § 46.2-1094(B) (enumerating these eight exceptions).

The majority reasons that "evidence of mere seat belt nonuse" does not fall within the ambit of § 46.2-1094(D) because § 46.2-1094 does not require use of seatbelts in all cases. Majority Op. at 6. In this case, however, evidence was introduced at trial which would be sufficient to establish each element of a violation of § 46.2-1094.[2] Evidence was introduced at trial showing that Sharin Brown was (A) a person; (B) at least 16 years of age (a compelled inference from the fact that her sixteen-year-old son was in the passenger seat) (J.A. at 108, 174), (C) occupying the front seat (she was driving) (J.A. at 111), of (D) a vehicle equipped with seat belts (J.A. 191-92), (E) who was not belted, (J.A. at 143), (F) while traveling on a public highway (J.A. at 123-

---

[2]The issue is not whether each element was established "to the satisfaction of the jury," Majority Op. at 7 n.2. Instead, the proper focus of the inquiry is on whether evidence which would, if credited by the jury, prove each element of a violation was *introduced*; § 46.2-1094 regulates the introduction of evidence and comment by counsel, not the jury's process of weighing evidence.

24). Thus, each of the elements set forth in § 46.2-1094(A) was established at trial. As to the exceptions enumerated in § 46.2-1094(B), the evidence introduced at trial establishes that Ms. Brown was driving with her son on a weekend trip to the doctor's office and a local shopping center, refuting any contention that Ms. Brown was eligible for the exceptions available to law-enforcement officers, rural mail carriers, newspaper carriers, taxi drivers, delivery persons, utility meter readers, or law enforcement personnel enforcing parking laws. (*See*, *e.g.*, J.A. at 107-08) (describing the personal nature of Ms. Brown's trip.) Thus, evidence introduced at trial was sufficient to establish all of the elements of a violation and to negate seven of the eight exceptions provided in § 46.2-1094(B). The remaining exception, for persons whose use of a seatbelt has been judged impractical by a physician due to a medical condition, would seem to be an affirmative defense rather than an element of a violation of § 46.2-1094. It cannot be the Commonwealth of Virginia's burden to establish in an enforcement action under § 46.2-1094 that a person charged with violating that section has *not* been certified as exempt by any doctor. Thus, evidence sufficient to establish each of the elements of a violation of § 46.2-1094 was introduced at trial.[3]

---

[3]Further, the majority's alternative holding powerfully undercuts the force of the majority's argument that its approach is supported by the need to attach significance to the legislature's different word choice in related sections of the Virginia Code. The majority notes that Va. Code Ann. § 46.2-1094(D) refers to a "violation of this section," whereas Va. Code Ann. § 46.2-1092 refers to "failure to use the safety lap belts." Thus, the majority reasons that "the legislature's different word choice in the later-enacted section 46.2-1094(D) must be regarded as significant," supporting the conclusion that § 46.2-1094(D) does not forbid mere evidence of seat belt nonuse. *See* Majority Opinion at 7. But, the majority's alternative holding succeeds in respecting the legislature's different choice of words; "failure to wear the safety lap belts" is broader than a "violation" of § 46.2-1094, because the elements of a § 46.2-1094 violation exclude some instances of failure to wear a seat belt, such as cases in which one is not occupying the front seat of a vehicle, is under 16 years of age, or is not traveling on a public highway. The need to attach significance to the legislature's different word choice does not provide a good reason for preferring the majority's first interpretation over its second one, and for the reasons I have stated, I believe the majority's second interpretation supports a finding of error.

## II.

Because I conclude that § 46.2-1094 by its terms forbids the introduction of the evidence presented at trial in this case, I find it necessary to address whether § 46.2-1094 is a substantive provision that governs in the federal courts, or is instead a mere procedural rule that is inapplicable in the federal courts. I would hold that the Virginia provision at issue is inextricably bound up with a substantive Virginia policy of refusing to attach liability in cases arising out of motor vehicle accidents to a party's failure to wear a seatbelt as required by law and thus governs in federal courts adjudicating claims that arise under Virginia law. I note at the outset that although § 46.2-1094(D) comes without the benefit of extensive legislative history or a rich tradition of Virginia caselaw illuminating the scope of the substantive policy that it embodies, the Virginia Supreme Court has held that a single statutory provision enacted by the Virginia General Assembly is sufficient to establish a public policy of Virginia. *See Lawrence Chrysler Plymouth v. Brooks*, 465 S.E.2d 806, 808 (Va. 1996). Further, § 46.2-1094(D) is arguably a reaction to a federal court ruling stating that a predecessor provision, which stated only that failure to wear a seat belt did not constitute evidence of negligence, did not bar admission of evidence of seat belt nonuse relative to the issue of overall safe product design. *See Wilson v. Volkswagen of Am.*, 445 F. Supp. 1368, 1374 (E.D. Va. 1978). The *Wilson* court pointed to a Minnesota statute prohibiting the introduction of seat belt nonuse evidence for any purpose whatsoever "in any litigation involving personal injuries or property damage resulting from the use or operation of any motor vehicle" as an example of how Virginia would have to write its statute in order for it to prohibit the introduction of seatbelt nonuse evidence on the issue of overall design safety. *See id.* (quoting Minn. Stat. Ann. § 169.685(4)). Following *Wilson*, the Virginia Legislature enacted § 46.2-1094(D), using language which, in substance, tracks the language the *Wilson* court stated would be necessary to bar the introduction of seatbelt nonuse evidence as to issues of overall design safety. Now that Virginia has responded to the federal courts by broadening the scope of its seatbelt evidence exclusion to remove all ambiguity in cases such as these, the majority holds that evidence of a "violation" of § 46.2-1094 is to be read so narrowly as to permit the introduction of evidence of seatbelt nonuse in most cases. I believe that the remarkable similarity between the language of the Minnesota statute

cited in *Wilson* and the later-enacted § 46.2-1094(D) gives rise to an inference that § 46.2-1094(D) was in part a reaction to the *Wilson* decision — and that inference, along with the plain language of the statute, convinces me that § 46.2-1094(D) reflects a considered substantive policy of the state of Virginia, which it is the duty of the federal courts to effectuate in a diversity action.

As a general matter, of course, the Federal Rules of Evidence, and not state law, govern the admissibility of evidence in diversity actions in the Federal courts. *See Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1054 (4th Cir. 1986). The Federal Rules of Evidence come with an implied "prima facie judgment" of the Supreme Court, the Advisory Committee on the Rules of Evidence, and the Congress that "the rule in question transgresses neither the terms of the Rules Enabling Act nor constitutional restrictions." *Hanna v. Plumer*, 380 U.S. 460, 471 (1965) (addressing the Federal Rules of Civil Procedure). Despite this heavy presumption, however, numerous courts have held that in an action arising under state law, the Federal Rules of Evidence yield to specific state provisions which can be characterized as embodying the substantive policy of a state regarding liability standards under state law. *See, e.g.*, *Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 109-10 (4th Cir. 1995) (holding that a Virginia common-law rule barring admission of a party's internal rules and policies in a negligence action, rather than the Federal Rules of Evidence, governed the admissibility of a party's internal manual in a products liability suit); *Gardner v. Chrysler Corp.*, 89 F.3d 729, 733 (10th Cir. 1996) (holding that a Kansas statute prohibiting admission of seatbelt evidence "for the purpose of determining any aspect of comparative negligence or mitigation of damages" was substantive and governed in federal court); *Barron v. Ford Motor Co.*, 965 F.2d 195, 199 (7th Cir. 1992) (stating that to the extent a North Carolina rule excluding evidence of seat belt nonuse is "designed not to penalize persons who fail to fasten their seatbelts," as opposed to reflecting accuracy and economy concerns in litigation, it is a substantive rule and governs in federal court). Thus, despite the general presumption that the Federal Rules of Evidence govern in federal court, numerous courts have recognized that a federal court sitting in diversity can be obligated to follow state provisions that represent substantive state policy judgments as to the appropriate nature of state-law liabilities.[4] This principle reflects the

---

[4]If a state rule is substantive, defining the nature of state-law liabilities, the question in this case would not appear to be whether to apply a state

desire to avoid the rampant forum-shopping and inequitable treatment of litigants based upon diversity status that would obtain if diversity litigants in federal court, but not nondiverse litigants in state courts, could avail themselves of a fundamentally different set of liability rules. *See Hanna*, 380 U.S. at 467 (noting the fairness and forum-shopping difficulties which inhered in the pre-*Erie* regime). Further, it is not the goal of diversity jurisdiction to impede the ability of states to establish, for consistent application in suits grounded on state law, substantive liability policies reflecting the judgments of the state's legislative institutions, regardless of our opinion as to the wisdom of these policies.

Thus, under this Circuit's rule in *Hottle*, "there are circumstances where a question of admissibility of evidence is so intertwined with a state substantive rule that the state rule . . . will be followed in order to give full effect to the state's subsantive policy." *Hottle*, 47 F.3d at 109 (quoting *DiAntonio v. Northampton-Accomack Memorial Hosp.*, 628 F.2d 287, 291 (4th Cir. 1980)). The *Hottle* Court reasoned that "when a state evidentiary rule either embodies or is closely tied to a state substantive policy . . . application of the federal rule of evidence, although beyond argument procedural, may encroach upon the state's substantive law." *Id.* at 109-10.

Here, the district court attempted to walk a delicate line between forbidden and permitted uses of seatbelt evidence. The district court concluded that Va. Code Ann. § 46.2-1094(D)'s proscription on use of evidence of a "violation of this section" as proof of negligence or

---

evidentiary rule or a "conflicting" Federal Rule of Evidence. Under the Federal Rules, relevance is defined by reference to the legal characteristics of the claim being litigated. Fed. R. Evid. 401 (defining relevance by reference to facts "of consequence to the determination of the action"). Thus, if a violation of Virginia's seatbelt law is substantively not a basis for liability of any kind in a suit arising from the operation of a motor vehicle, such evidence would be irrelevant because it is not "of consequence to the determination of [an] action" based solely on Virginia law. *Cf. Hanna v. Plumer*, 380 U.S. 460, 470 (1965) (noting that where the scope of a Federal Rule of Civil Procedure is not construed as sufficiently broad to create a conflict with state law, *Erie* analysis applies).

in mitigation of damages was clearly substantive, but held that evidence of a violation could be considered by the jury on the issues of (1) negligent vehicle design, (2) whether the truck was reasonably safe as to Ms. Brown's breach of warranty claim, and (3) whether Ms. Brown misused the vehicle relative to her warranty claim.[5] If, however, the "substantive" portion of Virginia's statute prohibits introduction of evidence of a violation for the purposes of establishing comparative negligence or failure to mitigate damages, then *Hottle* forbids any uses of such evidence which are "so intertwined" with Virginia's substantive policy as to require that the state rule be followed to give Virginia's policy full effect. *Hottle*, 47 F.3d at 110. The district court's permitted uses of the evidence in question are either in direct contravention of a substantive Virginia policy forbidding the use of evidence of a "violation" to ground liability in an action arising from the use of a motor vehicle, or, at a minimum, are sufficiently "intertwined" with the substantive components of Va. Code Ann. § 46.2-1094(D) to require application of the Virginia statute in this case.

I thus conclude that § 46.2-1094(D) governs this dispute by its terms and is applicable in federal court under *Hottle*. Because the record before the Court supports a finding of reversible error under the majority's alternative interpretation of Va. Code Ann. § 46.2-1094(D), I respectfully dissent.

---

[5]I note that Ms. Brown did not try this case on a crashworthiness theory. *Cf. Barron v. Ford Motor Co.*, 965 F.2d 195 (7th Cir. 1992) (holding that under a narrower North Carolina rule, which the court interpreted to forbid admission of evidence of seatbelt nonuse "to establish the plaintiff's failure to exercise due care to minimize the consequences of an accident," evidence of seatbelt nonuse could be introduced to show the crashworthiness of a vehicle's total restraint system in response to a claim that a vehicle was not crashworthy).